**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

DENNY DEJESUS,

        Plaintiff,                      **DECISION & ORDER**

v.                                       13-CV-6066

MARK L. BRADT, et al.,

        Defendants.

## Preliminary Statement

In this action, pro se plaintiff, who is currently confined at Marcy Correctional Facility, alleges, inter alia, that defendants violated his constitutional rights by not allowing him to observe his religious practices during Ramadan, thereby denying him the ability to freely exercise his religion. See Second Amended Complaint (Docket # 8). Currently pending before the Court is plaintiff's motion to compel (Docket # 52).

## Factual Background

With the instant motion, plaintiff seeks an Order compelling defendants to produce the following documents: (1) a copy of the packet that explains the procedures for Ramadan at the Attica Correctional Facility in 2012 prepared by Imam Zakaria Gasmalla; (2) a copy of all attachments to that packet; (3) a copy of the letter plaintiff sent to Mark Bradt, the

superintendent of Attica Correctional Facility, on July 24, 2012; (4) a copy of the packet explaining the procedures for Ramadan at the Attica Correctional Facility in 2011; and (5) copies of all policies and memorandum relating to Muslim inmates' ability to bring bowls to Ramadan meals. See Motion to Compel (Docket # 52). Defendants oppose plaintiff's motion on the grounds that the discovery period has ended and a dispositive motion is pending. See Declaration (Docket # 59).

Pursuant to the Court's Scheduling Order, the deadline to complete discovery was August 29, 2014, and the deadline to file dispositive motions was October 17, 2014. Scheduling Order (Docket # 17). Plaintiff filed two requests during the discovery period (Docket ## 19, 20), and defendants responded with a production of documents (Docket # 23). Then, at the request of defendants, the Court extended the deadline for dispositive motions to February 17, 2015. Order (Docket # 34). Defendants timely filed a dispositive motion which is currently pending before the Honorable Elizabeth A. Wolford. See Motion for Summary Judgment (Docket # 35).

On June 4, 2015 plaintiff filed the instant motion to compel, therein making his first request for various documents. See Motion to Compel (Docket # 52). Subsequently, plaintiff filed two separate motions seeking to extend or reopen discovery. See Motion for Extension of Time to Complete

Discovery (Docket # 57); see also Motion for Extension of Time for Additional Discovery (Docket # 61). Judge Wolford has consolidated these two motions and construed them as responses in opposition to defendants' pending motion for summary judgment, see Order (Docket # 62), leaving the undersigned to address plaintiff's motion to compel.

## Discussion

Under Rule 6(b)(1) of the Federal Rules of Civil Procedure, courts may extend the discovery timeline for good cause. See Fed. R. Civ. P. 6(b)(1). Here, as noted above, the discovery deadlines have long expired and defendants have filed a motion for summary judgment before Judge Wolford. In the instant motion, plaintiff requests a number of documents for the very first time in this litigation - a fact he acknowledges in his briefing. See Response (Docket # 60). Plaintiff did not request most of these documents through formal discovery, nor did plaintiff seek these materials in his earlier motion to compel. See Motion to Compel (Docket # 25). While the Court recognizes that plaintiff had previously made a timely discovery request for defendants to produce "the central office packet regarding [R]amadan guidelines, and the imam[']s packets explaining to [the Attica Correctional Facility staff] how the month of [R]amadan" would be handled in 2012, see Request for

3

Production of Documents (Docket # 19), plaintiff failed to raise any objections to defendants' production until close to a year later.[1] Because of plaintiff's delay, this court is tasked with resolving a discovery dispute well after the close of discovery and while Judge Wolford simultaneously evaluates the merits of defendants' motion for summary judgment.

Based on the above, the Court finds that plaintiff's motion to compel is untimely and plaintiff has not demonstrated the "good cause" necessary to permit additional discovery at this time. Edwards v. I.N.S., 59 F.3d 5, 8 (2d Cir. 1995)("[W]hile a pro se litigant's pleadings must be construed liberally. . . pro se litigants generally are required to inform themselves regarding procedural rules and to comply with them."). Accordingly, the Court, having reviewed and considered the papers in support of and in opposition to plaintiff's motion to compel, hereby Orders that plaintiff's motion to compel is **denied**. See, e.g., Javier v. Deringer-Ney

---

[1] On June 6, 2014, plaintiff filed a discovery request, asking, in part, for a copy of the packet explaining procedures for Ramadan at the Attica Correctional Facility, as well as a copy of a similar packet allegedly prepared by Imam Zakaria Gasmalla. See Request for Production of Documents (Docket # 19). Defendants responded on July 10, 2014, producing a memorandum prepared by the New York Department of Corrections concerning the guidelines for celebrating Ramadan in correctional facilities in 2012. See Response (Docket # 23). Now, almost a year later and after the close of discovery, plaintiff insists that defendants didn't comply with his discovery request.

Inc., 419 F. App'x 100, 102 (2d Cir. 2011) (rejecting pro se plaintiff's complaints about defendant's failure to respond to discovery demands where he had not utilized the tools available to compel discovery under the Federal Rules of Civil Procedure); Maslanka v. Johnson & Johnson, 305 F. App'x 848 (3d Cir. 2008) (affirming denial of pro se litigant's motion to compel where discovery demands were untimely).

## Conclusion

For the reasons set forth above, plaintiff's motion to compel (Docket # 52) is **denied**.

**SO ORDERED.**

_____
JONATHAN W. FELDMAN
United States Magistrate Judge

Dated:   March 23, 2016
         Rochester, New York